## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMAZENTIS SA and TIMELINE LONGEVITY, INC.<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS, IDENTIFIED ON SCHEDULE "A"<br><br>　　　　　　Defendants. | Civil Action No. 25-cv-12913-MJJ |

## TEMPORARY RESTRAINING ORDER

Plaintiffs Amazentis SA and Timeline Longevity, Inc. ("Plaintiffs") have filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and a Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) (collectively, the "Motions") against the Partnerships and Unincorporated Associations, Identified on Schedule "A" to the Complaint ("Defendants") and using the online marketplace accounts identified in Schedule A.

After reviewing the Motions and the accompanying record, this Court GRANTS Plaintiffs' Motions, as follows:

The Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Massachusetts. Specifically, Plaintiffs have provided a basis to conclude that Defendants have targeted sales to Massachusetts residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Massachusetts, and have sold fraudulent nutritional-supplement products purporting to contain urolithin A to residents of Massachusetts. Plaintiffs

1

have presented screenshot evidence that Defendants' e-commerce stores are reaching out to do business with Massachusetts residents by operating one or more commercial, interactive internet platform through which Massachusetts residents purchase the accused products.

The Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented specific facts in their supporting declarations and evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movants before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts, and could alter or conceal evidence of their unlawful activities. Accordingly, this Court Orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. Offering for sale, selling, and/or importing any products that include any product that is falsely labeled, falsely advertised, or otherwise misrepresents the amount of urolithin A contained in the product and/or that the product contains urolithin A when it does not;

    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiffs' rights or engaging in the conduct set forth in subparagraph 3;

    c. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 1(a) and 1(b).

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Plaintiffs are authorized to issue expedited discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36 related to:

    a. The identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any person acting in active concert or participating with them, including all known contact information and all associated e-mail addresses;

    b. The nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including without limitation identifying accounts, including Defendants' sales and listing history related to their respective Online Marketplace; and

    c. Any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, DHgate, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., American Express, Discover, MasterCard and Visa).

4. Upon Plaintiffs' request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online

Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, ebay.com, and ibsport.com (collectively, "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiffs expedited discovery, limited to copies of documents and records in such persons' or entities' possession and control sufficient to determine:

    a. The identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated email addresses;

    b. The nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including without limitation identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. Any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, eBay, Wish.com, Alibaba, Ant Financial, Amazon Pay, DHgate, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., American Express, Discover, MasterCard and Visa).

5. Upon Plaintiffs' request, those with notice of this Order, including Third Party Providers as defined above, shall within seven (7) calendar days after receipt of such notice, disable

and cease displaying any advertisements used by or associated with Defendants in connection with the sale by Defendants of urolithin A products that do not contain urolithin A in the amount shown on Defendants' product label or at all.

6. Any Third Party Providers, including without limitation PayPal, Alipay, eBay, Alibaba, Ant Financial, Wish.com, Amazon Pay, and DHgate shall, within seven (7) calendar days of receipt of this Order:

    a. Locate all accounts and funds connected to Defendants' seller aliases, including but not limited to any financial accounts connected to the information listed in Schedule A of the Complaint, the seller / brand pages identified in Exhibit 2 to the Complaint, and any email addresses provided for Defendants by third parties; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Plaintiffs may provide notice of the proceedings in this case to Defendants, including notice of any preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an email with a link to said website to Defendants' known email addresses, Defendants' onsite contact forms, and any email addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN THE COMPLAINT" that shall apply to all Defendants. The combination of providing notice via electronic publication and email, along with any notice that Defendants receive from payment processors, shall

constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Plaintiffs must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9. The Complaint, Schedule A and B attached to the Complaint, the Exhibits to the Complaint, and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

10. Within seven (7) calendar days of entry of this Order, Plaintiffs shall deposit with the Court ten thousand dollars ($10,000.00), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the District of Massachusetts Local Rules. Any third party impacted by this Order may move for appropriate relief.

This Temporary Restraining Order without notice is entered at 4:20 pm on this 20th day of October, 2025 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by January 20, 2026.

/s/ Myong J. Joun

United States District Judge

6